```
 1  DANIEL J. BRODERICK, #89424
    Federal Defender
 2  JEFFREY L. STANIELS, Bar #91413
    Assistant Federal Defender
 3  Designated Counsel for Service
    801 I Street, 3rd Floor
 4  Sacramento, California 95814
    Telephone: (916) 498-5700
 5
 6  Attorney for Defendant
    AUDREY RENEE BELL
 7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 2:07-cr-047 |
| ) | |
| Plaintiff, ) | |
| ) | TRIAL BRIEF |
| v. ) | |
| ) | |
| AUDREY RENEE BELL, ) | Date: October 27, 2009 |
| ) | Time: 10:30 a.m. |
| Defendants. ) | Judge: Hon. Lawrence K. Karlton |
| ) | |
| _____ ) | |

Audrey Bell, by an through her counsel, Daniel Broderick, Federal Defender and Jeffrey L. Staniels Assistant Federal Defenders, hereby files the following (brief) brief on the law governing two evidentiary matters regarding the instant indictment in this case.

1. Authentication of Documentary Evidence.

Presentation of the case will entail the introduction of numerous documents and computer printouts utilized in the submission and processing of claims for disability insurance. Many of these documents are either on forms created by and utilized by the disability insurance program within the

1 | Employment Development Department, or are printouts of computer
2 | generated forms, tables, or files of information keyed in during
3 | the processing of claims for disability insurance.
4 |     Rule 901(a) of the Federal Rules of Evidence provide that, in
5 | general, "The requirement of authentication or identification as
6 | a condition precedent to admissibility is satisfied by evidence
7 | sufficient to support a finding that the matter in question is
8 | what its proponent claims."
9 |     Specific illustrations of the application of this rule which
10 | are likely to be referenced in this trial are provided in federal
11 | Rule of Evidence 901(b) and include "(1) Testimony by a witness
12 | with knowledge[]...that a matter (e.g. a document) is what it is
13 | claimed to be[;]...(3) Comparison (e.g. of a signature)by the
14 | trier of fact...with specimens that have been authenticated; and
15 | (4)...[a]ppearance (e.g. form and/or format), contents (e.g.
16 | information reflected in other documents or media), substance,
17 | internal patterns or other distinctive characteristics (e.g.
18 | codes and/or ink stamps), taken in conjunction with
19 | circumstances.
20 |     With respect to the admissibility of such documents Federal
21 | Rule of Evidence 1003 provides that "A duplicate is admissible to
22 | the same extent as an original unless (1) a genuine question is
23 | raised as to the authenticity of the original, or (2) in the
24 | circumstances it would be unfair to admit the duplicate in lieu
25 | of the original.
26 |     Defense counsel is not aware of and has not been notified of
27 | any genuine question as to authenticity of any documents thus far
28 | exchanged in discovery.  With respect to the authenticity of
   signatures, if any, it is believed that the person whose

1 signature may be referred to will be a witness at the trial.  In
2 addition, in certain cases, government reports reflect that
3 signatures on certain documents (e.g. insurance forms and checks)
4 have previously been verified by as genuine by the signatories.
5 On that basis, it is not believed that a genuine question of
6 authenticity attaches to any documents or copies of documents
7 that may be offered at the trial.

2. Lay / Expert testimony

Testimony certainly is expected from at least one witness (the government has provided notice with respect to two prospective witnesses) familiar with the forms, documents, computer jargon, office procedures, and customs and practices in the disability insurance office or offices relevant to the case. It is the position of the defense that while such information is "specialized" in one sense, descriptions of these matters constitute the testimony of a percipient witness which is receivable under Federal Rule of Evidence 701 and need not meet the standards of Rule 702.

Based on informal discussion with government counsel it is believed that both sides are of this view.

Respectfully submitted,

Daniel J. Broderick
Federal Defender

Dated: October 20, 2009    /S/ Jeffrey L. Staniels
                           JEFFREY L. STANIELS
                           Assistant Federal Defender
                           Attorney for Defendant
                           AUDREY RENEE BELL