BENJAMIN WAGNER
United States Attorney
MATTHEW STEGMAN
MICHAEL D. ANDERSON
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2793



FILED
NOV 0 9 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. No. CR-S-07-047 LKK |
|---|---|---|
| Plaintiff, | ) | PLEA AGREEMENT |
| v. | ) | DATE: November 9, 2009<br>TIME: 1:30 p.m.<br>COURT: Hon. Lawrence K. Karlton |
| AUDREY RENEE BELL,<br>  aka Star Bell, | ) | |
| Defendant. | ) | |

**I.**

**INTRODUCTION**

**A. Scope of Agreement:** The Indictment in this case charges the defendant with mail fraud, 18 U.S.C. § 1341. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1

**B. Court Not a Party**: The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to Counts One, Two, Three, Four, Eight, Nine, Ten, Eleven, Twelve and Thirteen of the Indictment, mail fraud, 18 U.S.C. § 1341. The defendant agrees that she is in fact guilty of these charges and that the factual basis for this plea is the evidence presented at trial.

**B. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. In addition to that restitution, the defendant agrees that the Court may order full restitution to any person who would qualify as a victim of mail fraud, 18 U.S.C. § 1341 under 18 U.S.C. § 3663 or 3663A. The defendant agrees to pay full restitution in this case as determined by the Court. Both parties are free to argue the appropriate restitution amount. Payment should be by cashier's or

certified check made payable to the Clerk of the Court. Defendant further agrees that she will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C. Fine:** The defendant agrees to pay a criminal fine if ordered to do so by the Court.

**D. Special Assessment:** The defendant agrees to pay a special assessment of $100 per count at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if she fails to pay the assessment prior to that hearing.

## III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations:**

**1. Incarceration Range:** Both parties are free to argue for any sentence within, above, or below the applicable guideline range for the defendant's offense as determined by the Court.

**2. Acceptance of Responsibility:** The United States will not move for a one-level reduction under U.S.S.G. § 3E1.1(b) for early acceptance of responsibility. Both parties are free to argue whether a two-level reduction in defendant's offense level for her full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1.

///
///
///

3

1  IV.

## ELEMENTS OF THE OFFENSE

**A. Elements of the Offense**: At a trial, the government is required to prove beyond a reasonable doubt as to each count the following elements of the offense to which the defendant is pleading guilty, mail fraud:

1. The defendant made up a scheme to defraud, or a scheme for obtaining money or property by making false representations, promises or statements;

2. The defendant knew that the representations, promises or statements were false;

3. The promises or statements were material, that is they would reasonably influence a person to part with money or property;

4  The defendant acted with the intent to defraud; and

5. The defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

V.

## MAXIMUM SENTENCE

**A. Maximum Penalty**: The maximum sentence that the Court can impose per count is twenty years of incarceration, a fine of $250,000, a three year period of supervised release and a special assessment of $100. By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees that she will not
///

4

1 attempt to discharge in any present or future bankruptcy proceeding
2 any restitution imposed by the Court.

3 **B. Violations of Supervised Release**: The defendant understands
4 that if she violates a condition of supervised release at any time
5 during the term of supervised release, the Court may revoke the term
6 of supervised release and require the defendant to serve up to two
7 additional years imprisonment.

## VI.

## SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, __ U.S. __, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculation:** There are no stipulations between the parties regarding sentencing guidelines variables.

## VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself. The defendant understands that by pleading guilty she also gives up the constitutional right to testify in her own defense in the ongoing trial. The defendant understands that the decision to testify or not to testify is a personal decision to be made by the defendant herself in consultation with her attorney; however, the final decision of whether to testify is hers alone.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives her a right to appeal her conviction and sentence. She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as her sentence is no longer than the top of the Sentencing Guidelines range determined by the Court. She specifically gives up her right to appeal any order of restitution.

The defendant also gives up any right she may have to bring a post-conviction attack on her conviction or her sentence. She

specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any aspect of her conviction or sentence.

If the defendant ever attempts to vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs**: The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

///

///

| | |
|---|---|
| 1 | **VIII.** |
| 2 | **ENTIRE PLEA AGREEMENT** |

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, and counsel for the defendant and the United States.

**IX.**

**APPROVALS AND SIGNATURES**

**A.  Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED: 11-9-2009

_____
JEFFREY STANIELS
Attorney for Defendant

**B.  Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced

///
///
///
///
///

me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 11/07/09

_____
AUDREY RENEE BELL, Defendant

**C. Attorney for United States**: I accept and agree to this Plea Agreement on behalf of the government.

DATED: 11/9/09

BENJAMIN WAGNER
United States Attorney

By: _____
MATTHEW C. STEGMAN
Assistant U.S. Attorney

By: _____
MICHAEL D. ANDERSON
Assistant U.S. Attorney